Filed 3/28/14  Unified Real Estate Investments v. Mediate CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| UNIFIED REAL ESTATE INVESTMENTS, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KARINA MEDIATE, <br><br> Defendant and Appellant. | B250076 <br><br> (Los Angeles County <br> Super. Ct. No. BC502146) |

APPEAL from an order of the Superior Court for Los Angeles County, Mark V. Mooney, Judge.  Reversed.

Law Offices of Yvonne M. Renfrew and Yvonne M. Renfrew for Defendant and Appellant.

Matian & Moaddel, Shawn F. Matian, Daniel Moaddel and Alon HaCohen for Plaintiff and Respondent.

Defendant Karena[1] Mediate appeals from the trial court's denial of her special motion to strike three causes of action alleged by plaintiff Unified Real Estate Investments, LLC (Unified). The court denied the motion as to two of the causes of action on the ground that Mediate failed to establish that those claims arose from protected conduct, as required under Code of Civil Procedure section 425.16 (section 425.16), the so-called anti-SLAPP statute, and declined to grant the motion as to Unified's purported cause of action for injunctive relief on the ground that the claim is actually a remedy the court could impose if Unified ultimately prevails on its surviving claims. We conclude that the trial court erred in finding that Unified's first two causes of action did not arise from protected activity. We further find that Unified's claim for injunctive relief, which is based upon the same conduct as the other causes of action, also arises from protected activity under section 425.16. Finally, we find that Unified failed to meet its burden to show a probability of prevailing on any of its claims. Accordingly, we reverse the trial court's order denying Mediate's motion as to the first and second causes of action, and direct the trial court to enter a new order granting Mediate's special motion to strike in its entirety.

## BACKGROUND

Unified is the owner of a commercial property located in Beverly Hills. In March 2013, Unified filed the instant lawsuit against Mediate, alleging causes of action for (1) intentional interference with contractual relations, (2) intentional interference with prospective economic advantage, (3) malicious prosecution, and (4) injunctive relief.

---

[1] Defendant's first name was spelled incorrectly in the complaint.

2

In the first cause of action, the complaint alleges that Unified is the owner and manager of a commercial property in Beverly Hills, and has entered into contractual relations with tenants who lease units at the property. It alleges that Mediate, with knowledge of those contractual relations, engaged in communications with the tenants and took other actions with the intent to divert business away from Unified and disrupt its contractual and economic relationships. Specifically, the complaint alleges that Mediate (1) contacted tenants and other third parties and made false statements, accusations, and assertions related to Unified and the property; (2) told tenants and other third parties that the property is unfit for occupation by commercial tenants or is otherwise in breach of certain code requirements; (3) told tenants and other third parties that Unified is untrustworthy and is operating the property improperly and in violation of various statutes and ordinances; (4) made false reports to governmental agencies that conditions on the property constitute and/or are creating and/or causing a nuisance; (5) made false reports to peace officers that Unified and/or the operations at the property are unlawful; and (6) made false reports to law enforcement personnel that the property emits noxious odors and/or pollutes the air. Unified alleges that, as a result of Mediate's actions, its contractual relationships have been disrupted and/or terminated, resulting in damage to Unified.

The second cause of action realleges and incorporates by reference the allegations of the first cause of action, and further alleges that Unified has been in economic relationships with third parties, including existing tenants and prospective tenants, that Mediate knew of the existence of those relationships and engaged in the conduct described in the first cause of action with the intent to disrupt those relationships, and that her conduct did disrupt those relationships, causing damage to Unified.

3

The third cause of action, which is not at issue in this appeal (and therefore will not be discussed in detail), alleges that Mediate made numerous false reports regarding conduct at the property to the City of Beverly Hills, the Beverly Hills Police Department, and Beverly Hills Code Enforcement.

Finally, the fourth cause of action realleges and incorporates by reference all of the allegations of the first, second, and third causes of action, and further alleges that Mediate had refused to comply with Unified's demand to cease and desist making false accusations and reports against Unified and the property. Unified alleges that it will suffer irreparable injury and has no adequate remedy at law for the damages it will sustain should Mediate's conduct continue, and asks for a permanent injunction enjoining Mediate from engaging in the publication of false assertions and accusations against Unified and the property.

Mediate filed a special motion to strike all causes of action under section 425.16. The motion was short and to the point. First, Mediate identified the conduct the complaint alleges she engaged in, upon which all four causes of action are based, including making statements that Unified's property is in breach of certain code requirements, and making various false reports to governmental agencies, law enforcement personnel, and the City of Beverly Hills and Beverly Hills Code Enforcement. Next, Mediate stated that these acts on their face constitute "'act[s] in furtherance of [Mediate's] right of free speech under the United States [Constitution or] California Constitution in connection with a public issue' within the definition of subdivision (e) of [section] 425.16." Finally, she stated that Unified cannot demonstrate a probability of prevailing because the acts at issue are constitutionally protected exercises of free speech and petition and are immunized from liability by Civil Code section 47.

In opposition to the motion, Unified raised procedural issues (arguing that Mediate's motion was untimely and insufficient), argued that the conduct alleged

4

is outside the protection of section 425.16 and that the first and second causes of action are not subject to dismissal under section 425.16, and submitted declarations and documents that it contended demonstrated it has a probability of prevailing on each of its claims.

Mediate addressed all of the procedural and legal issues in her reply, and argued that Unified failed to provide admissible evidence demonstrating a probability of prevailing. In connection with her reply, Mediate filed objections to the declarations and exhibits.

At the hearing on the motion, the trial court indicated that it intended to grant the motion as to the third cause of action, for malicious prosecution, but it would deny the motion as to the first and second causes of action. The court explained that those causes of action deal with a private issue between two parties, and do not involve petitioning or free speech activity regarding an issue of public interest. As to the fourth cause of action for injunctive relief, the court stated that it did not think it was appropriate to grant the special motion to strike at that stage, because if Unified ultimately prevailed, the court might want to award that remedy. In the minute order for the hearing, the court ruled on Mediate's objections to Unified's evidence, sustaining several of the objections. Mediate timely filed a notice of appeal from the court's order.

## DISCUSSION

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The Supreme Court has

5

explained that "'in ruling on a section 425.16 motion to strike, a court generally should engage in a two-step process:  "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . .  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim."'  [Citations.]"  (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 16.)  On appeal, we review the order denying the special motion to strike de novo, engaging in the same two-step process as the trial court.  (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1016-1017.)

A.      *Threshold Showing of Protected Activity*

Mediate's threshold showing consisted of quotations from the complaint describing some of the conduct Unified alleges caused the interference with its contractual relations and prospective economic advantage and a statement that these allegations, on their face, constitute protected activity as described in subdivision (e) of section 425.16.  Unified argues that Mediate's showing was inadequate for three reasons.  First, Unified argues that "Mediate failed to make any intelligible argument, cite any authority, refer to any substantive evidence, or provide any analysis whatsoever as to how the alleged conduct arose from protected activity and/or fell within the purview of the anti-SLAPP statute."  Second, Unified argues that Mediate improperly focused on the allegations related to her complaints made to governmental agencies, and that the "gravamen or thrust of the alleged conduct related to the causes of action for intentional interference with contractual relations and intentional interference with prospective economic advantage are specifically the false communications made to Unified's lessees and potential clients which interrupted and/or lead [*sic*] to breaches of contractual relationships between Unified and third parties."  Third, Unified argues that section

6

425.16 does not apply even with regard to Mediate's complaints to governmental agencies because those complaints constituted false reports, and therefore were illegal under Penal Code section 148.5. (Citing *Flatley v. Mauro* (2006) 39 Cal.4th 299, 317 (*Flatley*).) None of Unified's arguments is persuasive.

While it is true that Mediate might have been better served by providing a more detailed explanation of the basis of her assertion that the conduct alleged constitutes protected activity, the fact of the matter is that the allegations she quoted from the complaint describe conduct – petitioning governmental agencies – that is quintessentially protected conduct. The law is clear that making complaints to law enforcement or other governmental agencies constitute protected activity under section 425.16, subdivisions (e)(1) and (e)(2).[2] (See *Comstock* v. *Aber* (2012) 212 Cal.App.4th 931, 941-942, and cases cited therein.) Mediate was not required to submit any evidence to support her threshold showing, because the only issue at the first stage of the motion is whether the complaint seeks to hold the plaintiff liable for conduct that constitutes protected activity under section 425.16.[3]

Unified's second argument fails because it ignores the actual allegations of the complaint. Unified is correct that "whether a cause of action is subject to a

---

[2]     Subdivision (e) provides that activity protected under section 425.16 includes "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, [and] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

[3]     Unified's assertion that it "had to oppose Mediate's motion without notice of her actual contentions" reflects a misunderstanding of the way in which a special motion to strike operates. Mediate's actual contention was that Unified sought to hold her liable for exercising her constitutional right to petition. It was incumbent on Unified, then, to show either that it did *not* seek to hold her liable for exercising that right (in which case, section 425.16 would not apply), or that it had a probability of prevailing on its claims.

motion to strike under the SLAPP statute turns on whether the gravamen of the cause of action targets protected activity." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1550.) Thus, allegations of protected activity that are merely incidental to the cause of action do not make the cause of action subject to a special motion. (*Ibid.*) But the allegations of protected activity in Unified's complaint are not merely incidental. The complaint alleges: "The intentional communications, statements, and actions taken by Defendants in furtherance of Defendant Mediate's scheme to interrupt and interfere with the contractual relations of Plaintiff and these third parties, including *inter alia* Lessees, included committing at least the following acts." The complaint goes on to list acts that include *both* protected and unprotected activity. In light of this allegation, it cannot be said that the allegations of protected activity are incidental and the gravamen of the complaint is unprotected activity. (See *id.* at p. 1551 ["the pleading of other, indeed numerous other, indisputably, 'unprotected' theories of liability does not eliminate or reduce the chilling effect on the exercise of free speech and petition: [the defendant still faces] the burden of litigation and potential liability for acts deemed protected by the SLAPP statute"].)

In its final argument on the applicability of section 425.16, Unified relies upon the rule articulated by the Supreme Court in *Flatley* that, where "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law," that activity will not support a special motion to strike. (*Flatley*, *supra*, 39 Cal.4th at p. 320.) Unified contends that the *Flatley* rule applies here because Mediate engaged in illegal activity by making false reports to the police and governmental agencies. But Mediate does not concede that she engaged in illegal conduct, and there was no evidence submitted that conclusively showed that the conduct was illegal;

8

Unified merely alleged that Mediate's reports were false.  Therefore, *Flatley* does not apply.

In short, Mediate met her initial burden to show that Unified's causes of action are based, at least in part, on Mediate's "act[s] . . . in furtherance of [her] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."  (§ 425.16, subd. (b)(1).)  We now turn to the second step of the process, and determine whether Unified demonstrated a probability of prevailing on its causes of action.[4]

B.      *Probability of Prevailing*

"To show a probability of prevailing for purposes of section 425.16, a plaintiff must ""'make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.'""  [Citation.]  This standard is 'similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment,' in that the court cannot weigh the evidence.  [Citations.] However, the plaintiff 'cannot simply rely on the allegations in the complaint' [citation], but 'must provide the court with sufficient *evidence* to permit the court to determine whether "there is a probability that the plaintiff will prevail on the claim."'  [Citation.]"  (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1010.)

In this case, the evidence upon which Unified relied to demonstrate a probability of prevailing consisted of two declarations.  The first was the declaration of Unified's attorney, Daniel Moaddel, in which Moaddel describes various discussions he had with a "Code Enforcement Manager" for the City of

---

[4]      We note that the trial court did not reach this step in ruling on the special motion to strike, having found that the conduct upon which Unified's causes of action were based was not protected activity under section 425.16.

Beverly Hills, and with Mediate's landlord. Moaddel attaches to his declaration two letters that Mediate's landlord had provided to him. The second declaration was from Perry Cohan, a "member of Plaintiff Unified Real Estate Investments, LLC." In it, Cohan purports to explain how Mediate's conduct caused Unified to suffer damage.

Mediate objected to many of the statements in the declarations, as well as the exhibits, and the trial court sustained several of those objections. Unified does not challenge the court's ruling on those objections on appeal. Therefore, we do not consider any evidence to which Mediate's objections were sustained.

What we are left with is the following. (1) As part of his investigation, Moaddel spoke to Mr. Nestor Otazu, Code Enforcement Manager for Beverly Hills and Mediate's landlord; the content of those discussions is not before us because objections to Moaddel's description of them were sustained. (2) Mediate sent a profanity-laden letter to her landlord in which she stated that she had reported to Beverly Hills Code Enforcement and Beverly Hills detectives what she refers to as her landlord's retaliation against her (apparently he was attempting serve her with a notice to vacate her apartment). (3) In May 2013, Cohan spoke to the Regional Operations Director for Davita Dialysis, which has been a tenant of Unified since July 2005; the content of his conversation is not before us because objections to that portion of the declaration were sustained. (4) On April 5, 2013, Cohan followed up with a prospective tenant with whom he was negotiating a lease for one of the units at the property, and the prospective tenant expressed concerns to him "arising out of discussions with a current tenant." The remainder of the declaration is not before us due to the sustained objections of Mediate.

Clearly, the evidence that is properly before us does not come close to demonstrating a probability that Unified will prevail on its causes of action for intentional interference with contract and/or prospective economic advantage. To

10

prevail on a cause of action for intentional interference with contract, a plaintiff must establish "'(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 55.) To prevail on a cause of action for intentional interference with prospective economic advantage, a plaintiff must establish "'(1) an economic relationship between the plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) an intentional act by the defendant, designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful act, including an intentional [independently wrongful] act by the defendant that is designed to disrupt the relationship between the plaintiff and a third party.'" (*City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 376.)

At best, the admissible evidence Unified submitted makes a prima facie showing that Unified had a contract and an economic relationship with at least one third party. But Unified submitted no admissible evidence of Mediate's conduct related to Unified or its property (her letter to her landlord has no relevance to Unified or its property), let alone evidence that her conduct caused interference with Unified's contracts or economic relations with third parties. Therefore, Unified failed to meet its burden to demonstrate a probability of prevailing on its first and second causes of action, and the trial court erred by denying Mediate's special motion to strike those claims. And, because Unified's purported cause of action for injunctive relief is simply a request for a remedy for those causes of action, Mediate's special motion to strike that claim also must be granted.

11

## DISPOSITION

The order denying Mediate's special motion to strike as to the first and second causes of action is reversed. On remand, the trial court is directed to enter an order granting Mediate's motion in its entirety. Mediate shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.